**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**FLORENCE DIVISION**

| | | |
|---|---|---|
| Supreme Raheem Ackbar, #182864, | ) | Civil Action No. 4:21-cv-998 |
| *a/k/a Ronald Gary, #275886,* | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ORDER AND OPINION** |
| v. | ) | |
| | ) | |
| Charles Williams, Curtis Early, Johnathan | ) | |
| Bennet, K. Conrad, Lt. Borem, Lt. Blakely, | ) | |
| Lt. Blackburn, Sgt. Harmon, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Before the Court is the Report and Recommendation ("R & R") of the Magistrate Judge (Dkt. No. 7) recommending the Court deny Plaintiff's motion for leave to proceed *in forma pauperis*. (Dkt. No. 2). For the reasons set forth below, the Court adopts the R & R as the Order of the Court.

**I.    Background**

Plaintiff, Supreme Raheem Ackbar is a prisoner proceeding *pro se*. Plaintiff filed the instant action on April 5, 2021 against Defendants Charles Williams, Curtis Early, Johnathan Bennet, K. Conrad, Lt. Borem, Lt. Blakely, Lt. Blackburn, and Sgt. Harmon, seeking release from false imprisonment and five million dollars in damages. (Dkt. No. 1 at 7). Plaintiff alleges that in July 2020, he was on lockdown where he was denied cleaning supplies and served cold food. (Dkt. No. 1-1 at 1-2). Plaintiff alleges he was placed in RHU which he alleges was an illegal seizure. (*Id*. at 2-3). Plaintiff labels a claim for intentional infliction of emotional distress, alleging that "plaintiffs have been denied due process, harassed and retaliated against by government employees with false charges, false accusations, false imprisonments, and served cold unhealthy food." (Dkt.

No. 1-1 at 5).   Plaintiff alleges it causes Plaintiffs "fear, agitation, anxiety, discomfort, embarrassment, and humiliation."  (*Id.*).  On April 5, 2021, Plaintiff filed a motion to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.  (Dkt. No. 2).  On March April 13, 2021, the Magistrate Judge issued an R & R recommending the Court deny Plaintiff's motion to proceed *in forma pauperis* and require Plaintiff to pay the requisite filing and administrative fees.  (Dkt. No. 7).  Plaintiff filed objections to the R & R.  (DKt. No. 9).  The matter is ripe for the Court's adjudication.

## II.   <u>Legal Standard</u>

### A.   *Pro Se* **Pleadings**

*Pro se* pleadings are held to a less stringent standard than formal pleadings drafted by attorneys and are accorded liberal construction to allow for the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).   The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a claim cognizable in federal district court, nor can the Court assume the existence of a genuine issue of material fact where none exists. *See Weller v. Dep't of Social Services*, 901 F.2d 387, 391 (4th Cir. 1990).

### B.   **Report and Recommendation**

The Magistrate Judge makes only a recommendation to this Court that has no presumptive weight.  The responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976).  The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). This Court must make a *de novo* determination of those portions of the R & R Plaintiff specifically objects. Fed. R. Civ. P. 72(b)(2).  Where Plaintiff fails to file any specific objections, "a district

court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted). In the absence of objections, the Court need not give any explanation for adopting the Magistrate Judge's analysis and recommendation. *See, e.g.*, *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983) ("In the absence of objection . . . we do not believe that it requires any explanation."). Plaintiff has not filed objections and the R & R is reviewed *de novo*.

## III.    <u>Discussion</u>

Upon a careful review of the record, the R & R, and Plaintiff's objections, the Court finds the Magistrate Judge comprehensively analyzed the issues and correctly determined that Plaintiff is subject to the "three-strikes" rule of the Prison Litigation Reform Act ("PLRA") and should therefore be required to pay filing and administrative fees associated with filing the instant case. (Dkt. No. 7 at 4).

Under the PLRA, a Court may not grant *in forma pauperis status* to a prisoner if he "has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g) ("three-strikes rule"). Regardless of whether dismissal is with or without prejudice, a "strike" is based on the dismissal basis alone. *Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721, 1725 (2020). "A dismissal of a suit for failure to state a claim counts as a strike, whether or not with prejudice." *Id.* at 1727. There is an exception to the three-strikes rule for imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g). To satisfy the imminent danger element, Plaintiff must have alleged facts that he was in imminent

danger at the time the complaint was filed; allegations that the prisoner has faced imminent danger in the past are insufficient to trigger the exception. *Johnson v. Warner*, 200 Fed. Appx. 270, 272 (4th Cir. 2006) (explaining that an imminent danger exception in § 1915(g) "focuses on the risk that the conduct complained of threatens continuing or future injury, not whether the inmate deserves a remedy for past misconduct.").

At least two courts have found that Plaintiff has received at least three dismissals for failure to state a claim. The Fourth Circuit Court of Appeals found that Plaintiff met the statutory limit for filing or appealing civil actions under the PLRA without prepayment of the filing fee and denied in *forma pauperis status*. *Ackbar v. Jones,* 7:20-cv-825-RMG, No. 20-6880 (4th Cir. Feb. 26, 2021, Dkt. No. 13).[1] In addition, this Court previously found that Plaintiff would not be able to proceed *in forma pauperis* in future actions unless he demonstrated imminent danger of serious injury. *Ackbar v. Lewis*, 4:19-cv-2045, 2020 WL 1041697, at *3 (D.S.C. Mar. 4, 2020).[2] Thus, Plaintiff has received at least three dismissals for failure to state a claim and has accumulated three-strikes pursuant to the PLRA. The Court may not afford Plaintiff *in forma pauperis* status with respect to his additional civil actions unless his claim satisfies the exception for imminent danger of serious physical injury provided by the three-strikes rule. *Coleman v. Tollefson*, 575 U.S. 532, 135 S. Ct. 1759, 1761 (2015). The Magistrate Judge correctly determined that Plaintiff's

---

[1] Citing Plaintiff's former actions or appeals dismissed as frivolous, malicious, or for failure to state a claim. *Ackbar v. Connor*, No. 4:18-cv-3181-RMG (D.S.C. Feb. 26, 2019); *Ackbar v. Monaco*, No. 4:19-cv-1373-RMG (D.S.C. Oct. 1, 2019); *Ackbar v. Lewis*, No. 4:19-cv-2045-RMG (D.S.C. Mar. 4, 2020).
[2] Citing Plaintiff's previous complaints that were dismissed with prejudice. *Ackbar v. McCall*, No. 4:18-1581-RMG, 2018 WL 3238826 (D.S.C. July 3, 2018), *aff'd*, 744 Fed. App'x. 178 (4th Cir. 2018); (2) *Ackbar v. Monaco*, No. 4:19-1373-RMG, 2019 WL 4784775 (D.S.C. Oct. 1, 2019), *appeal filed*, 2019 WL 4784775; (3) *Ackbar v. Connor*, No. CV 4:18-3181-RMG, 2019 WL 927354 (D.S.C. Feb. 26, 2019), *aff'd*, 776 F. App'x 141 (4th Cir. 2019), *cert. denied*, 140 S. Ct. 603 (2019).

complaint does not allege imminent danger of serious physical injury. (Dkt. No. 7 at 4). Therefore, to proceed Plaintiff must pay the full filing and administrative fees.

IV.     **Conclusion**

     For the reasons stated above, the Court **ADOPTS** the R & R as the Order of the Court. (Dkt. No. 7). Plaintiff's motion to proceed *in forma pauperis* is **DENIED**. (Dkt. No. 2). Plaintiff is instructed to pay the full filing fee of $350 plus the $52 administrative fee for a total of $402.00 within fourteen (14) days of the entry of this Order, or the case may be dismissed without prejudice and without issuance of service of process.

     **AND IT IS SO ORDERED.**


                    s/ Richard M. Gergel
                    Richard M. Gergel
                    United States District Judge


August 4, 2021
Charleston, South Carolina